# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LAURA FRANCES HAYS, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA INC.,<br>NISSAN MOTOR COMPANY, LTD.<br><br>    Defendants. | Case No. 4:17-CV-00353-BCW |

## JOINT PROPOSED SCHEDULING ORDER

Pursuant to the Court's Order of June 5, 2017, Doc. # 10, and Federal Rule of Civil Procedure 26(f) and Local Rules 16 and 26(f), Plaintiffs Laura Hays ("Plaintiff") and Defendant Nissan North America Inc. ("Nissan") herby submit the following proposed scheduling order:

**A.  MEDIATION AND ASSESSMENT PROGRAM (MAP)**

This case was assigned to the outside mediator category. [Doc. # 2]. In cases assigned to the Court's Mediation and Assessment Program ("MAP"), the MAP General Order requires that the Parties assigned to the outside mediator category electronically file the Designation of Mediator within fourteen (14) calendar days after the Rule 26 meeting and mediate the case within seventy-five (75) calendar days after the Rule 26 meeting.

The Parties, in consultation with the MAP Administrator, have agreed to designate a mediator on or before July 31, 2017.

8267355

**B.     PLEADINGS AND PRELIMINARY MOTION PRACTICE**

1. Any motion to join additional parties shall be filed on or before January 8, 2018.

2. Any motion to amend the pleadings shall be filed on or before January 8, 2018.

**C.     DISCOVERY**

1. On July 6, Plaintiff declined Nissan's proposal for a joint request to stay discovery pending the Motion to Dismiss ruling; accordingly, discovery is not stayed pending the Court's resolution of the Motion to Dismiss. Nissan anticipates filing a motion to stay discovery and has commenced its meet and confer with Plaintiff about this.

2. Plaintiff asserts individual claims and claims on behalf of a putative class of consumers who own or leased a 2002-2006 model-year Nissan Altima in the State of Missouri. The Parties agree that formal phasing of discovery is not required. To reduce inefficiency and unnecessary duplication, the Parties plan to meet and confer after determination on class certification to discuss the appropriate scope of discovery after the Court's determination on class certification.

3. Class Discovery related to class certification shall be completed on or before August 24, 2018.

4. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be conducted consistent with the Rules of Civil Procedure and the Local Rules of the Western District of Missouri.

**D.     CLASS CERTIFICATION**

1. Plaintiff shall file her motion for class certification on or before August 10, 2018.

2. Nissan shall file any suggestions in opposition to the motion for class certification on or before October 12, 2018.

3. Plaintiff shall file her reply suggestions in support of her motion for class certification on or before December 3, 2018.

**E. EXPERTS**

1. Plaintiff shall disclose certification-related experts and reports by August 10, 2018; Nissan shall disclose certification-related experts and reports by October 12, 2018. This Section E applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony. This includes any person who may present evidence under Rules 702, 703 or 705 of the Federal Rules of Civil Evidence.

2. Along with each Party's designation of expert witnesses, each party shall provide the other parties with a report from each expert witness designated pursuant to paragraph 1 above. See FRCP 26(a)(2)(B). The report shall include a complete statement of all opinions to be expressed and the basis and reasons, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. The expert's testimony will be limited to opinions and information contained in the report and in any depositions that might be taken.

3. Experts will be made available for deposition in the order in which they are disclosed and within thirty (30) days of the date they are disclosed unless otherwise agreed upon by the parties.

**F. ELECTRONICALLY STORED INFORMATION.**

Plaintiff provided a proposed protocol regarding the production of ESI. The Parties will continue to meet-and-confer regarding electronically stored information. The Parties will confer in good faith to the extent any issues regarding the format for electronic discovery arise, and if necessary will bring issues to the attention of the Court at the Scheduling Conference scheduled for July 20, 2017.

**G. PROTECTIVE ORDER**

The Parties agree that their productions of information will be made subject to Federal Rule of Evidence 502. The Parties intend to meet-and-confer regarding a protective order that will apply, subject to approval by the Court. The parties anticipate submitting their proposed order governing confidentiality of documents pursuant to Federal Rule of Civil Procedure 26 by July 31, 2017.

**H. EXTENSIONS OF TIME.**

All motions for extension of time pursuant to FRCP 6(b) or FRCP 31, 33, 34 and 36 must state:

  a. The date when the pleading, response or other action is/was first due;
  b. The number of previous extensions and the date the last extension expires;
  c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and
  d. Whether the requested extension is approved or opposed by opposing counsel.

**I. COORDINATION WITH RELATED LITIGATION.**

The Parties understand that at least one other similar lawsuit may be filed soon, and Plaintiffs will coordinate with those attorneys representing plaintiffs in related matters to the

extent practicable. Where appropriate, the Parties shall make efforts to coordinate discovery in this action with discovery in other litigation relating to alleged similar defects.

**J.    SUBSEQUENT PROCEEDINGS.**

Within twenty (20) days after the Court issues its ruling on plaintiff's class certification motions, counsel shall coordinate with the Court to set a scheduling conference to address and establish a schedule for all remaining pretrial matters, including: (i) any issues relating to the Court's Order regarding class certification; (ii) dispositive motions deadlines; (iii) requirements and deadlines for filing motions *in limine*, stipulations of uncontroverted facts, stipulations as to the admissibility of evidence, final witness and exhibits lists, deposition designations, proposed jury instructions, proposed *voir dire* questions, trial briefs, and other required pretrial filings; (iv) final pretrial conference; and (v) trial.

Dated: July 6, 2017                                                  Respectfully Submitted,

**WILLIAMS DIRKS DAMERON LLC**                     **SHOOK, HARDY & BACON L.L.P.**

/s/ Matthew L. Dameron                                          By:   /s/ William R. Sampson
Matthew L. Dameron (MO Bar No. 52093)         William R. Sampson, #56233
1100 Main Street, Suite 2600                                 Brent Dwerlkotte #62864
Kansas City, Missouri 64105                                  2555 Grand Blvd.
Telephone:     (816) 945-7135                                Kansas City, Missouri 64108-2613
Facsimile:      (816) 945-7118                                 Ph. 816.474.6550
matt@williamsdirks.com                                         Fax: 816.421.5547
                                                                                wsampson@shb.com
Norman E. Siegel (MO Bar No. 44378)              dbdwerlkotte@shb.com
Sean R. Cooper (MO Bar No. 65847)
**STUEVE SIEGEL HANSON LLP**                         *Attorneys for Defendant Nissan North America*
460 Nichols Road, Suite 200                                *Inc.*
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:      (816) 714-7101
siegel@stuevesiegel.com
cooper@stuevesiegel.com

Tim E. Dollar (MO Bar No. 33123)
J.J. Burns (MO Bar No. 64758)
**DOLLAR BURNS & BECKER**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone:   (816) 876-2600
Facsimile:   (816) 221-8763
timd@dollar-law.com
jjb@dollar-law.com

*Counsel for Plaintiff and the Class*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2017, I filed the foregoing document with the clerk of the court using the court's CM/ECF system, which will serve electronic notice on all parties of interest.

            s/ William R. Sampson
**Attorney for Defendant Nissan North America Inc.**