IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAURA FRANCES HAYS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA INC.,<br><br>Defendant. | Case No. 4:17-CV-00353-BCW |

**DEFENDANT NISSAN NORTH AMERICA, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO STRIKE MODEL YEARS 2004-2008 MAXIMAS
FROM PLAINTIFF'S CLASS DEFINITION**

None of the reasons offered by Plaintiff support including the 2004-2008 Maximas in the putative class. First, Plaintiff's counsel was aware in July 2015 that the 2004-2008 Maximas could have been subject to the class definition because they filed an Amended Class Action Complaint in the Northern District of Illinois against Nissan alleging the same defect and that included both the 2002-2006 Altima and 2004-2008 Maxima. *See* Ex. A, *Demaria v. Nissan North Am., Inc.*, Case No. 15-cv-3321, ECF 45. Second, Plaintiffs have not identified any authority where the plaintiff was allowed to *expand* the proposed class definition from what was included in the operative Complaint through a motion for class certification.

Plaintiff argues expanding the class definition to include the Maxima is appropriate because Nissan has known that the Maxima had the "same defects as the Altimas" and that Nissan will suffer no prejudice by its inclusion in the class definition. Br. at 4. In addition, Plaintiff cites the timing of Nissan's document productions, as well as the timing of Nissan's Rule 30(b)(6) testimony that occurred weeks before class certification was filed. Br. at 4-5. But Plaintiff ignores that her lawyers filed an identical nationwide class action (that included a Missouri plaintiff)

against Nissan in July 2015 based on the same alleged defects and that included both the Altimas *and* the 2004-2008 Maximas. *See* Ex. A., ¶ 125 (class definition includes "All persons who purchased or leased a Nissan Altima model years 2002-2006 or Nissan Maxima model years 2004-2008 in the United States."). Indeed, Plaintiffs alleged that the Altimas and Maximas shared the same "common underbody structure," and the same defect led to floorboard rusting and corrosion. *Id*. ¶¶ 27-39. Plaintiff consciously elected to exclude Maximas and that decision framed the discovery and evidence in this case. There is no basis for revisiting that decision now.

Plaintiff is correct that courts have allowed modified class definitions in certain circumstances. For example, courts and parties routinely modify class definitions in order to cure definitional infirmities or *narrow* the proposed class definition. But none of the cases cited by Plaintiff have allowed a plaintiff to *expand* the scope of the class beyond what was proposed in the operative Complaint through a motion for class certification and *after* discovery closed. In *Abraham*, the district court allowed plaintiffs to include a *narrower* class definition after rejecting the plaintiffs' previous class definition because of ascertainability problems. 332 F.R.D. 592, 611 (D.N.M. 2017). Indeed, the plaintiffs amended their class definition to narrow the categories of class members from eleven to two. *Id.* In *Lumen v. Anderson*, Judge Sachs modified the class definition *sua sponte* to *exclude* individuals who had not suffered any damages in a securities class action. 280 F.R.D. 456-57 (W.D. Mo. 2012).

The remaining cases cited by Plaintiff similarly occurred in the context of narrowing the class definition. *See Pop's Pancakes, Inc. v. NuCo2, Inc.*, 251 F.R.D. 677, 680; n.1 (S.D. Fla. 2008) (denying class certification of plaintiff's proposed class that was different from complaint, noting that class definition was overbroad as it included persons who were not harmed, among other reasons); *Savanna Grp, Inc. v. Trynex, Inc.*, 2013 WL 66181 (N.D. Ill. Jan. 4, 2013) (allowing

narrower class definition to include only those class members who received a *specific* fax versus "all individuals who were sent faxes without consent"); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2011 WL 4628744, at *1-3 (N.D. Ill. Sept. 30, 2011) (narrower class definition allowed); *Heartland Commc'n, Inc. v. Sprint Corp.*, 161 F.R.D. 111, 115 (D. Kan. 1995) (court noting that it can modify class definition "to exclude" certain customers); *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662 (D. Kan. 2008) (same).[1]

Plaintiff offers no persuasive justification for modifying her class definition until class certification and after the close of discovery. Nissan respectfully requests that the Court strike Plaintiff's request to include model years 2004-2008 Nissan Maximas from their proposed class definition.

---

[1] In *West v. Nissan North Am. Inc.*, 2014 WL 825217 (W.D. Ark. 2014), Nissan argued that removal was appropriate based on the plaintiff's amended class definition that enlarged the class and, in turn, the potential damages available above the CAFA threshold. It is inapposite to the issue of whether Plaintiff should be allowed to expand the class definition through her motion for class certification. And in *Menkin v. Daines*, 287 F.R.D. 174 (S.D.N.Y. 2012), the plaintiff objected to the magistrate judge's report and recommendation that certified a narrower class of future New York City Medicaid applicants rather than New York State Medicaid applicants. The district court agreed with the plaintiff that the class should be defined as the broader group of New York State applicants, noting that the Defendants were aware of the new and expanded statewide definition and "*did not raise any legal or factual objections to the statewide definition in their opposition to Plaintiff's motion for class certification.*" Unlike in *Menkin*, Nissan objects to the expanded class definition and had no prior notice Plaintiff would expand her class definition.

Dated: November 21, 2018

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ William R. Sampson
    William R. Sampson, #56233
    Holly P. Smith, #
    Brent Dwerlkotte #62864
    2555 Grand Blvd.
    Kansas City, Missouri 64108-2613
    Ph: 816.474.6550
    Fax: 816.421.5547
    wsampson@shb.com
    dbdwerlkotte@shb.com

    Amir Nassihi (*pro hac vice*)
    SHOOK, HARDY & BACON L.L.P.
    One Montgomery St., Suite 2700
    San Francisco, CA 94104
    Ph: 415.544.1900
    Fax: 415.391.0281
    anassihi@shb.com

*Attorneys for Defendant*
*Nissan North America Inc.*

**CERTIFICATE OF SERVICE**

      This is to certify that on this 21st day of November, 2018 a true and correct copy of the foregoing was served via operation of the Court's ECF system upon counsel of record.

                                                                                  s/ Brent Dwerlkotte
                                                                   *Attorney for Defendant*
                                                                   *Nissan North America Inc.*