IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LAURA FRANCES HAYS, on behalf )
of herself and all others similarly )
situated, )
 )
      Plaintiff, )
 )
    v. )  Case No. 17-CV-00353-BCW
 )
NISSAN NORTH AMERICA, INC., )
 )
      Defendant. )

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND SUGGESTIONS IN SUPPORT THEREOF**

Plaintiff filed her case in May 2017. *See* Complaint [Doc. # 1]. In her Complaint, Plaintiff's proposed class definition was limited to Altima vehicles. Plaintiff now seeks to amend her Complaint to include Maxima vehicles affected by the same defective floorboards. Plaintiff's amendment is consistent with the parties' discovery, and Nissan cannot demonstrate any prejudice from the proposed amendment.[1] Accordingly, the Court should grant Plaintiff's Motion and authorize her to file her draft Amended Complaint, a copy of which is attached hereto as Exhibit A.

**FACTUAL OVERVIEW**

This case concerns the faulty floorpan design in Nissan vehicles. Plaintiff's Complaint originally included only Altima vehicles in its proposed class definition. *See* Complaint [Doc. # 1]

---

[1] Ordinarily Plaintiff's counsel would circulate the draft Amended Complaint to opposing counsel and seek to secure the defendant's consent to the amendment. However, in this case, Nissan unilaterally notified the Court and Plaintiff that it would oppose *any* amendment that included Maxima vehicles, even without the benefit of first reviewing the draft Amended Complaint.

1

at ¶ 57. During discovery, however, Nissan's evidence demonstrated that its 2004-2008 Maxima vehicles were afflicted with the same faulty design. For example:

- Nissan's corporate designee testified that the Altima and the Maxima have the same floor pan. Exhibit 1 at 216:12-17 ("the floorpan itself is the same for both the Altima and the Maxima").[2]

- The Altima-Maxima floor plan is "unique" to the Altimas and Maximas and no other Nissan vehicles have the same design, including prior and subsequent generation Altimas and Maximas. Exhibit 1 at 117:10-118:2 ("We're not aware of any other models that had this specific setup").

- Nissan confirmed that "[a]ll production" of the subject Altimas and Maximas were included within its consideration of the faulty floorpans. SOF ¶¶ 2-4; Exhibit 2; Exhibit 1 at 52:16-24 (identifying the same "root cause" for corrosion in both models); 68:23 to 69:3 (same corrosion incident rates for both models).

- Nissan's internal analyses always considered the floorpan issues for both Altimas *and* Maximas.[3]

- Nissan's purported "fix" for the floorpan defect was issued by the company for *both* Altimas and Maximas. Exhibit 17 (Nissan Service Bulleting applying to both models).

- Based on Nissan's evidence, Plaintiff's technical expert confirmed that Altimas and Maximas suffer from the same defective floorpan design. Exhibit 7 at p. 3.

---

[2]   In the interest of brevity and ease for the Court, Plaintiff will cross-reference the Statement of Facts and corresponding Exhibits attached to her Motion for Class Certification [Doc. # 56].

[3]   *See, e.g.*, Exhibit 4 at NNA3585; 3587; 3593 (referencing both vehicle types); Exhibit 9 at NNA5022; 5024 (same); Exhibit 10 at Slide 1, 6, and 10 (same); Exhibit 14 at Slide 1 and 3 (same). In Nissan's documents, the term A34 refers to Maxima vehicles. SOF ¶ 3.

Thus, the evidence demonstrates that Nissan's defective floorpan design affected Altimas and Maximas equally, and Nissan's reaction to the subsequent corrosion was the same for both models, including Nissan's "repair" for the corrosion. Nissan produced the vast majority of its evidence (including all emails) on or after June 25, 2018 – several months after the Court's deadline to amend the pleadings expired on January 2, 2018, but prior to class certification. Because the evidence supports a modified class definition, Plaintiff seeks leave to amend her Complaint to include Maxima vehicles within the class definition. Plaintiff's amendment does not add any new causes of action, expand the proposed class beyond Missouri, or require significant additional discovery beyond what would already be discoverable if the class was limited to only Altimas. Rather, it seeks to bring the class definition into conformity with the undisputed evidence in the case. The Court should grant Plaintiff's Motion.

## LEGAL STANDARD

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *see also, e.g.*, *Woods v. Caremark PHC, L.L.C.*, No. 4:14-CV-583-SRB, 2016 WL 5390244, at *1 (W.D. Mo. Aug. 2, 2016). In fact, "[l]eave should normally be granted absent good reason for a denial." *Dean v. Am. Honda Motor Co.*, No. 17-03069-CV-S-DPR, 2017 WL 7691752, at *1 (W.D. Mo. Nov. 14, 2017) (quoting *Coulter v. Kelley*, 871 F.3d 612, 619 (8th Cir. 2017)). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Advanta-Star Auto. Research Corp. of Am. v. JF Enterprises, LLC*, No. 09-0589-CV-W-GAF, 2011 WL 13233723, at *1 (W.D. Mo. July 15, 2011) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). Regarding prejudice, courts have found

3

prejudice when the amendment would "result in the burdens of additional discovery and delay in the proceedings." *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007).

**ARGUMENT**

There is no objective basis to deny Plaintiff's Motion. In fact, this Court has already opined that "including Maximas in the class definition will not prejudice Nissan," in part because "Maximas are purported to have the same Defect, and give rise to the same claims." *See* Order [Doc. # 98] at p. 3.

***The Amendment Does Not Prejudice Nissan***

The Court is correct that Nissan will not be prejudiced by the proposed amendment. Nissan has produced documents concerning the Maximas, and those documents demonstrate that (1) the same alleged defect exists uniformly within the two vehicle models, and (2) Nissan made no distinctions between the Maximas and Altimas when internally addressing the problem. Moreover, Nissan's corporate representative testified about Maxima vehicles and the company's treatment of the vehicle models. Importantly, Nissan disputes none of this. Nissan's motion to strike identified no material distinction between the Maximas and Altimas. Nissan's corporate representative testified that the floor pans in the Maximas and Altimas, are the same, and Nissan's reply in support of its Motion for Summary Judgment affirmatively conceded it. (*Compare* Doc. 81 at p. 7 (SOF ¶¶ 17, 18 & 21 *with* Doc. 87 at p. 6 (SOF ¶¶ 17, 18, 21). In this way, Nissan has not been and could not be "blind sided" or unfairly taken by surprise.

Courts have found prejudice when the amendment would "result in the burdens of additional discovery and delay in the proceedings." *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007). In this case, Nissan cannot identify any discovery it is foreclosed from seeking if the Maxima vehicles are included within the class. Furthermore, additional discovery will not be

necessary for class certification because Plaintiff's Motion for Class Certification [Doc. # 56] is fully briefed and ready for decision, and the evidence undisputedly shows that the Maximas and Altimas are substantially the same (if not materially identical) for all relevant purposes here. Thus, neither party will need additional discovery to adequately prosecute or defend their respective positions at this stage of the litigation.

Furthermore, because the Court's current scheduling order only applies through class certification, and because there is no trial date, there will be no delay in the proceedings. *See* Scheduling Order [Docs. ##23 and 55].

In sum, Nissan cannot identify any meaningful prejudice from allowing Plaintiff to amend her Complaint to include a category of vehicles (Maximas) that are the same as the previously-pleaded vehicles, and that are encompassed within the same discovery. Indeed, the parties have conducted discovery on the Maxima vehicles, and the amendment simply seeks to conform the pleadings to the undisputed discovery that has occurred to date.

### *The Amendment Is Not Untimely*

To the extent Nissan asserts that Plaintiff's amendment is somehow late, the Court should reject that assertion. The principal evidence concerning whether the Maximas have the same defects as the Altimas has always been in Nissan's possession – and Nissan long ago (no later than 2014) concluded that the Altimas and the Maximas at issue in this case have the exact same defect. Thus there can be no unfair surprise to Nissan.  Further, Nissan did not produce this key evidence to Plaintiff until June 2018 (and later) – nearly eleven months after Plaintiff served her documents requests (August 1, 2017), and approximately six months after the deadline to amend pleadings (January 8, 2018). And Nissan did not produce its Rule 30(b)(6) designee (to confirm the documentary evidence) for deposition until September 26, 2018—approximately 2 weeks before

5

Plaintiff's motion for class certification was due. Nissan's delays do not constitute unfair prejudice to Nissan, and Nissan should not be allowed to leverage its own delays to limit the class definition.

Nonetheless, even if the Court found that adding Maximas would result in some delay, "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005). Because Nissan cannot demonstrate prejudice by the amendment, the Court should grant Plaintiff's Motion.

### *There Is No Other Basis to Deny Amendment*

Plaintiff's request for leave to amend is neither done in bad faith nor with a dilatory motive. Plaintiff seeks only to add minimal factual allegations based upon the undisputed evidence obtained in discovery. This amendment is not made in an effort to gain an unfair advantage. Rather, it is made to conform Plaintiffs' operative pleading to the evidence that has been ascertained in discovery.

This is Plaintiff's first request for leave to amend and, thus, Plaintiff has not had "repeated failures to cure deficiencies by amendments previously allowed." *Sherman*, 532 F.3d at 715.

Finally, Plaintiff's requested amendment cannot be considered "futile" because it does not add causes of action against Nissan. "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Woods*, 2016 WL 5390244, at *1. This Court has already determined that Plaintiff's claim under the Missouri Merchandising Practices Act is capable of surviving a motion to dismiss and a motion for summary judgment.[4] *See* Orders [Docs. ##27 and 91]. Thus, Plaintiff's Amended Complaint should not be denied on the basis of "futility.

---

[4] Plaintiff's proposed Amended Complaint continues to assert its other causes of action in addition to the MMPA, even though the Court previously granted summary judgment on the other claims. Plaintiff continues to assert

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to file the Amended Class Action Complaint attached hereto as **Exhibit A**.[5]

DATED:	September 25, 2019	Respectfully submitted,

        **WILLIAMS DIRKS DAMERON LLC**

        */s/ Matthew L. Dameron*
        Matthew L. Dameron (MO Bar No. 52093)
        Amy R. Jackson (MO Bar No. 70144)
        1100 Main Street, Suite 2600
        Kansas City, Missouri 64105
        Telephone:	(816) 945-7110
        Facsimile:	(816) 945-7118
        matt@williamsdirks.com
        amy@williamsdirks.com

        Norman E. Siegel (MO Bar No. 44378)
        Todd E. Hilton (MO Bar No. 51388)
        J. Toji Calabro (MO Bar No. 66574)
        **STUEVE SIEGEL HANSON LLP**
        460 Nichols Road, Suite 200
        Kansas City, Missouri 64112
        Telephone:	(816) 714-7100
        Facsimile:	(816) 714-7101
        siegel@stuevesiegel.com
        hilton@stuevesiegel.com
        calabro@stuevesiegel.com

        Tim E. Dollar (MO Bar No. 33123)
        J.J. Burns (MO Bar No. 64758)
        **DOLLAR BURNS & BECKER**
        1100 Main Street, Suite 2600
        Kansas City, Missouri 64105
        Telephone:	(816) 876-2600
        Facsimile:	(816) 221-8763
        timd@dollar-law.com

---

the non-MMPA claims for the purpose of preserving those claims for appellate review. Because of the similarities between the Altima and Maxima vehicles, Plaintiff is willing to stipulate that the Court's previous rulings will remain in force vis-à-vis any amended pleading.

[5]    For the Court's convenience, Plaintiff submits the proposed Amended Complaint in "track changes" format. Upon approval, Plaintiff will file a "clean" version with the Court.

jjb@dollar-law.com

*Counsel for Plaintiff and the Proposed Class*

### CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of September, 2019, I filed the foregoing document with the clerk of the court using the court's CM/ECF system, which will serve electronic notice on all parties of interest.

                                        /s/ *Matthew L. Dameron*
                                        Counsel for Plaintiff and the Proposed Class