## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LAURA FRANCES HAYS,<br>on behalf of herself and all others<br>similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-0353-BCW |
| NISSAN NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
## SETTLEMENT APPROVAL

DATED: September 19, 2022

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

Matthew L. Dameron (MO Bar No. 52093)
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Tel:     (816) 945-7110
matt@williamsdirks.com

**STUEVE SIEGEL HANSON LLP**

Norman E. Siegel (MO Bar No. 44378)
Todd E. Hilton (MO Bar No. 51388)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     (816) 714-7100
siegel@stuevesiegel.com
hilton@stuevesiegel.com

***Counsel for Plaintiff and the Proposed Settlement Class***

*Additional Counsel on Signature Page*

Pursuant to Fed. R. Civ. P. 23(e), Plaintiff moves for final approval of this class action settlement. In support, Plaintiff references and incorporates herein her Unopposed Motion for Preliminary Approval [Doc. 131]; the Court's Order of Preliminary Approval [Doc. 132]; and Class Counsel's Motion for Attorney's Fees, Expenses and Service Award [Doc. 135]. In addition, Plaintiff submits this motion and memorandum along with the declaration of the Settlement Administrator (attached as Exhibit 1). Defendant Nissan North America, Inc. (NNA) does not oppose this Motion.

After conducting the heightened review required by Rule 23, the Court preliminarily approved the settlement as "fair, reasonable, and adequate . . ." and found that it would likely be able to grant final approval based on the relevant factors. After a comprehensive notice plan and a positive response by class members, there is no reason for the Court to alter its earlier findings. In fact, no class member submitted an objection to the proposed settlement, and no class member requested to be excluded from the settlement. This favorable reaction confirms what the objective metrics all demonstrate: the settlement is fair, reasonable, and adequate. Accordingly, the Court should approve the settlement and enter the proposed order submitted contemporaneously herewith.

## ARGUMENT

## I.      ISSUANCE OF NOTICE AND REACTION OF CLASS MEMBERS

In granting preliminary approval on March 24, 2022, the Court approved the Notice Plan and directed the Settlement Administrator to execute it. As set forth in the Notice Plan, the Settlement Administrator obtained the class member list from IHS Markit; the class list was based on Vehicle Identification Numbers for eligible vehicles, and included initial addresses for class

members. *See* Declaration of Lana Lucchesi of KCC Class Action Services, LLC, attached hereto as Exhibit 1, at ¶ 5.

Using this initial list, the Settlement Administrator updated the addresses for class members using the National Change of Address database. Ex. 1 at ¶ 6. On July 7, 2022, the Settlement Administrator mailed the Court-approved postcard notice to the updated class list. *Id.* at ¶ 9. The Settlement Administrator performed second-layer address verification for postcards that were returned, and promptly re-mailed the postcard notice to any of those class members with updated addresses. Ex. 1 at ¶¶ 10-11.

In addition to the postcard notice, the Settlement Administrator also established and continues to maintain a website dedicated to the settlement, as well as a telephone hotline. Ex. 1 at ¶¶ 12-14. The settlement website was visited over 980 times, and the hotline fielded over 300 telephone inquiries. *Id.* The website and hotline will remain active throughout the duration of the vehicle inspection period provided in the settlement.

The deadline for class members to submit an objection or exclude themselves was September 6, 2022. The Settlement Administrator has not received any objections or requests for exclusion. Ex. 1 at ¶¶ 16-17. The absence of any objections is a factor that supports final approval. *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) ("[a] low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval"); *Dickey v. Advanced Micro Devices, Inc.*, No. 15-4922, 2020 WL 870928, *6 (N.D. Cal. Feb. 21, 2020) ("[t]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement are favorable to the class members").

Thus, the Settlement Administrator successfully executed the Court-approved notice plan and, in response to that notice, the Settlement Class has demonstrated a positive reaction to the settlement, particularly where no class members elected to exclude themselves from the settlement or object to it.

## II.     THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

### A.     Plaintiff Meets the Standard for Final Approval

Under Rule 23(e)(2), a proposed settlement may be approved upon a "finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representative and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

  (i)     the costs, risks, and delay of trial and appeal;

  (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

  (iii)   the terms of any proposed award of attorneys' fees, including timing of payment; and

  (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.[1]

According to the Advisory Committee notes: "The goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approval the proposal." 2018 Advisory Committee Notes.

---

[1] Rule 23(e) also contemplates that the parties will identify "any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3). Class Counsel confirms that no agreements exist.

### 1.    Plaintiff and her counsel adequately represented the Settlement Class

It is undisputed that Plaintiff and her counsel have adequately represented the Settlement Class since the litigation was commenced in 2017. Counsel has diligently pursued the litigation through extensive motion practice and through the discovery process, including diligently seeking related documents and deposing NNA's key witnesses. Furthermore, Plaintiff's counsel identified and retained merits and damages experts to evaluate the litigation and further support Plaintiff's claims. Plaintiff's counsel has diligently prosecuted this matter for over four years, and they have ably represented the Settlement Class's interests in the litigation.

Similarly, Plaintiff has actively participated in the litigation for the benefit of the Settlement Class, including responding to written discovery, assisting with other discovery, submitting to deposition, and participating in alternative dispute resolution proceedings, including personally attending the early mediation held in December 2017.

### 2.    The Settlement Agreement was negotiated at arm's length

It is uncontested that the settlement was fairly and honestly negotiated. "The fairness of the negotiating process is to be examined in the light of the experience of counsel, the vigor with which the case was prosecuted, and [any] coercion or collusion that may have marred the negotiations themselves." *Ashley v. Reg'l Transp. Dist.*, No. 05-01567, 2008 WL 384579 (D. Colo. Feb. 11, 2008) (internal quotation omitted). "When a settlement is reached by experienced counsel after negotiations in an adversarial setting, there is an initial presumption that the settlement is fair and reasonable." *Marcus v. Kansas*, 2069 F. Supp. 2d 1179, 1182 (D. Kan. 2002).

After over four years of vigorous litigation, the settlement was negotiated at arm's length by competent counsel and involved the assistance of a well-respected mediator, former Judge Jay Daugherty. Prior to any meaningful settlement discussions, the parties exchanged significant

written discovery, retained experts, and deposed key witnesses. Aside from the extensive litigation concerning the merits of the litigation, the parties also disputed class certification, and the related preliminary appellate proceedings under Rule 23(f). The litigation history demonstrates that the adversarial process in this case was robust and in no way collusive.

The parties' dispute resolution efforts also reflect the arm's length nature of the settlement. Aside from the parties' unsuccessful early mediation in December 2017, the parties engaged in three other mediation sessions, including several informal efforts with the mediator outside of a formal mediation. None of these efforts were successful until several months after the parties initiated their discussions, and only after extensive negotiations over the settlement's material terms. Furthermore, the parties did not agree to mediation until after important questions concerning the litigation were resolved, including summary judgment, the scope of the proposed class, and class certification—all of which were disputed before this Court. Under these circumstances, it cannot be questioned that the agreement was reached at arm's length and the parties were fully informed of the facts at the time of settlement.

### 3. The relief provided to the Settlement Class is fair and adequate

It is uncontested that the settlement provides immediate and ongoing relief to members of the Settlement Class. The primary terms of the settlement are as follows:[2]

*Ongoing Inspection and Repair Benefit*

- For current owners and lessees of Class Vehicles that are registered in Missouri, NNA has agreed to an inspection and repair program. Under this program, Nissan dealerships located in Missouri will inspect Class Vehicles for free and, if there is

---

[2] This overview is not intended to replace the terms of the settlement agreement. In the event a perceived conflict, the settlement agreement controls.

corrosion in the front floor pans, repair that corrosion free of charge.[3] NNA also will offer rental vehicles to those owners and lessees while the Class Vehicle is being repaired for up to five days.

- <u>This benefit is available for one year after the settlement's Effective Date</u>, meaning the members of the Settlement Class can continue to avail themselves of the inspection and repair program even after the Court grants final approval of the settlement.

- Moreover, NNA has agreed to a supplemental notice to be submitted to members of the Settlement Class after final approval; this supplemental notice will remind members of the Settlement Class about the availability of the ongoing inspection and repair program.

### *Reimbursement Claim Benefit*

- For current or former owners and lessees of Class Vehicles that currently are, or at the time of repair were, registered in Missouri who previously paid for front floor pan corrosion repairs in Missouri, NNA has agreed to fully reimburse them for those repairs, provided they timely file a claim and submit supporting information and it is approved by the Claims Administrator.[4] If a previous repair was performed at a location other than a Nissan dealership, the reimbursement is limited to $5,000.

---

[3] Nissan is not responsible for repairing any other undercarriage corrosion or other conditions discovered during the inspection.

[4] Supporting information includes documents and/or other information sufficient to verify: (1) proof of repair and repair cost; (2) proof of payment; and (3) sufficient information to enable the Settlement Administrator to verify Missouri ownership at the time of the repair.

- Settlement Class Members who do not have the necessary documents to support a full reimbursement claim can submit an attestation to support their claim. Claims supported by attestation will be limited to $300, until the total approved value for all the attestation claims reaches $75,000. Once that threshold is reached, the Settlement Administrator will not have discretion to approve attestation claims.

Thus, given the availability of ongoing benefits for current owners of Class Vehicles, and the option of reimbursement for members of the Settlement Class who already repaired their Class Vehicle, there is no meaningful basis to assert that the settlement is anything other than fair, reasonable, and adequate.

### 4.    The Settlement treats Settlement Class members equitably

It is uncontested that the settlement treats all members of the Settlement Class equally and uses a uniform allocation formula for all of them.

### 5.    The experience and views of counsel further support approval

A court evaluating a proposed settlement "should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) (quoting Fed. Judicial Ctr., Manual for Complex Litig. § 30.42 at 240 (3d. ed. 1997)). Although the Court is not bound by counsel's opinion, their opinion nonetheless carries weight in assessing a settlement. *Sanderson v. Unilever Supply Chain, Inc.*, 10-cv-00775-FJG, 2011 WL 5822413, at *3-4 (W.D. Mo. Nov. 16, 2011) (crediting experienced class counsel's belief that the settlement was fair, reasonable, and adequate). Here, the Settlement Class had the benefit of attorneys who are highly experienced in

complex class action litigation and familiar with the facts and law in the case, and who have negotiated many class action settlements. In counsels' view, the settlement provides substantial benefits to the Settlement Class and should be approved by the Court.

### B. The Court Should Certify the Class for Judgment on the Settlement

The second part of Rule 23(e)(1) requires the Court certify the class for settlement purposes. The Advisory Committee comment states:

> One key element is class certification. If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted.
>
> ***
>
> The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement.

Rule 23 requires that an action satisfy the four prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

In this case, the Court previously granted class certification, finding that Plaintiff satisfied the criteria set forth in Rule 23. The Settlement Class conforms to the class definition articulated by the Court without any meaningful changes or modifications. *Compare* Order Granting Class Certification [Doc. 120] (March 8, 2021) *with* Order Granting Preliminary Approval [Doc. 132] (March 24, 2022). The settlement agreement does clarify that individuals who previously paid for repairs must have owned or leased a Class Vehicle that was registered in Missouri at the time of the corrosion repair to a front floor pan—a provision that the parties agreed to and inferred from the Court's certification order.

Because the settlement follows a fully-litigated class certification process—a process in which the Court undertook a thorough review of Rule 23 and its applicable factors—the Court need not undertake a new review of the Rule 23 factors.

## III. THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARD [DOC. 135]

Plaintiff previously filed her Motion for Attorney's Fees, Expenses, and Service Award. Doc. 135. That Motion was filed in advance of the final approval submission and posted on the settlement website so any member of the Settlement Class could review it and, if so inclined, lodge an objection. *See* Ex. 1 at ¶ 13. Even after being available to members of the Settlement Class prior to the objection deadline and readily available for review, the Motion remains uncontested. Accordingly, the Court should grant the Motion [Doc. 135] as part of its final approval.

## IV. CONCLUSION

The settlement presented is an immediate, real, substantial, and fair settlement. It achieves the goals of the litigation, benefits the entire Settlement Class and the public, and accounts for the risks and uncertainties of continued, vigorously contested litigation. Plaintiff will submit an agreed-upon proposed Order for the Court's consideration in advance of the final approval hearing scheduled for September 29, 2022.

DATED: September 19, 2022          Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

_/s/ Matthew L. Dameron_
Matthew L. Dameron (MO Bar No. 52093)
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Tel:    (816) 945-7110
Fax:    (816) 945-7118
matt@williamsdirks.com

Norman E. Siegel (MO Bar No. 44378)
Todd E. Hilton (MO Bar No. 51388)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     (816) 714-7100
Fax:     (816) 714-7101
siegel@stuevesiegel.com
hilton@stuevesiegel.com

Tim E. Dollar (MO Bar No. 33123)
J.J. Burns (MO Bar No. 64758)
**DOLLAR BURNS BECKER & HERSHEWE**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Tel:     (816) 876-2600
Fax:     (816) 221-8763
timd@dollar-law.com
jjb@dollar-law.com

*Counsel for Plaintiff and the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2022, the foregoing was filed using the Court CM/ECF System, which will provide notice of the same to all counsel of record.

*/s/ Matthew L. Dameron*
Counsel for Plaintiff and the Settlement Class