IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAURA FRANCES HAYS, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:17-CV-0353-BCW ) |
| NISSAN NORTH AMERICA, INC., | ) ) |
| Defendant. | ) ) |

**ORDER**

Before the Court is Plaintiff's Unopposed Motion for Final Settlement Approval (Doc. #136) and Plaintiff's Motion for Attorney's Fees, Expenses and Service Award (Doc. #135). The Court, being duly advised of the premises, grants said motions.

On March 24, 2022, the Court granted preliminary approval of the Settlement Agreement and directed the Settlement Administrator to issue notice to the Settlement Class. (Doc. #132). On September 29, 2022, the Court held a hearing on the instant motions.

**1.** **Notice.** The notice plan, as implemented by the Settlement Administrator, complied with the Court's Order concerning preliminary approval (Doc. #132) and provided the best notice practicable under the circumstances, was a reasonable manner of notice, and constituted valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution. Additionally, the Court finds the Settlement Administrator complied with the notice requirements of the Class Action Fairness Act (CAFA), codified at 28 U.S.C. § 1715. There were no opt-outs or objections to the Settlement Agreement.

1

2. **Final Approval of the Proposed Settlement Agreement.** The Settlement Agreement, including all exhibits thereto, is approved as fair, reasonable, and adequate and within the range of reasonableness for final approval. The Court finds (a) the Settlement Agreement resulted from extensive arm's length negotiations and (b) the Settlement Agreement satisfies the factors set forth in Fed R. Civ. P. 23(e). The Settlement Agreement represents a fairly negotiated outcome that addresses the core allegations of the Complaint and provides meaningful benefits to the Settlement Class considering the costs, risks, and delay of continued litigation. The Court finds there are no agreements that must be identified under Rule 23(e)(3).

3. **Class Certification.** The Court previously certified this case for class treatment, defining the class as:

> All persons in Missouri who (1) currently own or lease a Class Vehicle, or (2) who previously owned or leased a Class Vehicle and paid for repairs to rust in a front floor pan of a Class Vehicle. Class Vehicles include model years 2002-2006 Nissan Altimas and model years 2004-2008 Nissan Maximas. (Doc. #120).

In settling the case, the Parties have adopted that definition with a slight clarification: Class Vehicles must either be currently registered in Missouri, or previously have been registered in Missouri at the time the Settlement Class Member paid to repair corrosion on a front floor pan. *See* Settlement Agreement at ¶¶ 21, 50, 61-65.

For the same reasons set forth in the Court's initial Order granting class certification, as well as those presented in Plaintiff's Unopposed Motion for Final Settlement Approval, the Court finds that the Settlement Class satisfies the criteria of Rule 23 and certifies the class for settlement purposes.

4.      **Service Award.**  The Court finds the service award to Laura Frances Hays is fair and reasonable, and it does not defer from the fairness or reasonableness of the settlement. Accordingly, the Court grants Plaintiff's Motion for Attorney's Fees, Expenses and Service Award (Doc. #135) as it relates to the service award for the Class Representative.

5.      **Attorney's Fees, Expenses, and Costs.** Under Fed. R. Civ. P. 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." Here, the Parties agreed to the payment of attorneys' fees and reimbursement of case expenses after negotiating substantive relief to the class. There have been no objections lodged contesting Plaintiff's Motion for fees and expenses, which was posted on the settlement website, and the Court finds that the requested attorneys' fees, expenses, and costs are fair and reasonable, and that the expenses and costs were reasonable and necessary. The Court further finds that the hours and rates submitted by Plaintiff are reasonable and support the requested fee. Accordingly, the Court grants Plaintiff's Motion for Attorney's Fees, Expenses and Service Award (Doc. #135) as it relates to attorneys' fees, expenses, and costs.

6.      **Releases.** As of the Effective Date, the Released Parties set forth in the Settlement Agreement shall be deemed to have, and by operation of this Order shall have, fully and irrevocably released, and forever discharged the Parties from all Released Claims.

7.      The Court approves the disposition of the settlement funds as outlined in the Settlement Agreement. The Settlement Administrator is directed to disburse funds and make payments in accordance with the terms of the Settlement Agreement.

8.      Without affecting the finality of this Order in any way, the Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the

terms of the Settlement Agreement, including allocation and distribution, all orders and judgments entered in connection therewith, and other matters ancillary to the Settlement Agreement.

The Court thus finds the factors articulated in Federal Rule of Civil Procedure 23 weigh in favor of final approval, as well as approval of the requested attorney's fees, expenses, and service award. Accordingly, it is hereby

ORDERED all claims of the Settlement Class against Nissan North America, Inc. are DISMISSED WITH PREJUDICE. It is further

ORDERED Plaintiff's Unopposed Motion for Final Settlement Approval (Doc. #136) is GRANTED and Plaintiff's Motion for Attorney's Fees, Expenses and Service Award (Doc. #135) is GRANTED.

IT IS SO ORDERED.

DATED: September 30, 2022

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT